UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNIQUE LEASING, INC.　　　　　　　　　　　　　　CIVIL ACTION
D/B/A REYNOLDS NATIONWIDE,
INC.

VERSUS

STATE AUTO INSURANCE　　　　　　　　NO.: 3:14-cv-00556-BAJ-SCR
COMPANY

## RULING AND ORDER

Before the Court is Defendant's motion styled **MOTION TO RECONSIDER RULING AND ORDER (Doc. 11)**, requesting that the Court "reconsider its September 30, 2014, Ruling and Order [remanding this matter to state court]" (*id.* at ¶ 7).

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, Federal Rule of Civil Procedure ("Rule") 59(e) provides that a party may file "[a] motion to alter or amend a judgment [within] 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Defendant's motion followed one day after this Court entered its order remanding this matter to state court. Accordingly, the Court will treat Petitioner's Motion to Reconsider as a Rule 59(e) Motion to Alter or Amend a Judgment.

The U.S. Fifth Circuit has explained Rule 59(e)'s purpose and proper application as follows:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that *such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.* Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (emphasis added; quotation marks, citations, and alterations omitted).

The Court remanded this action to state court because Defendant failed to prove by a preponderance of the evidence that the amount in controversy is sufficient to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* Doc. 10). In its Rule 59(e) motion, Defendant asserts that the Court's conclusion was incorrect because Plaintiff seeks reimbursement from Defendant in the amount of $159,056.65. (Doc. 11 at ¶ 4). In support of its claim, Defendant has appended a copy of the Default Judgment at issue, dated February 11, 2014, well *before* Defendant removed Plaintiff's action to this Court on September 4, 2014. (Doc. 11-2). However, because this evidence was available to Defendant at the time of removal, and, thus, "could have been offered or raised" in Defendant's Removal Notice and/or supporting exhibits, Defendant has failed any "manifest error[] of law or fact" such that would cause this Court to reconsider its Order remanding this matter to state court. *Templet*, 367 F.3d at 478–79 (quotation marks omitted).

Accordingly,

**IT IS ORDERED** that Defendant's **MOTION TO RECONSIDER RULING AND ORDER (Doc. 11)**, is **DENIED**.

Baton Rouge, Louisiana, this 4th day of November, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**